## WALKER v. TIMES PUBLISHING CO.
No. 17694.
Circuit Court, Pinellas County.
November 19, 1965.

Thomas V. Kiernan, St. Petersburg, Dean Boggs, Jacksonville, and Clyde J. Watts, Oklahoma City, Okla., for plaintiff.

William J. McLeod of Baynard & McLeod, St. Petersburg, for defendant.

## C. RICHARD LEAVENGOOD, Circuit Judge.

*Summary judgment:* The motion of the defendant for summary judgment, pursuant to rule 1.36 of the Florida Rules of Civil Procedure, has been presented, and the court having heard arguments of counsel and considered the whole of the record in this cause makes the following conclusions —

The uncontroverted facts in the record show that the matter complained of by the plaintiff was a portion of a news release received from the Associated Press, a recognized wire service.

This court, judicially and from the record herein, knows that the plaintiff Walker's public life was well known to the people of this nation; that he was the subject of nationwide news reports, and that at the time of the complained of publication he was involved in matters of public concern and was a public man.

The case of Layne v. Tribune Co., 146 So. 234 (1933), and more particularly and recently the case of MacGregor v. Miami Herald Publishing Co., 119 So. 2d 85, are applicable and decisive in this case.

This court is further of the opinion that the decision of the U. S. District Court, Western District of Kentucky, Louisville, Kentucky, civil action no. 4639, Edwin A. Walker v. Courier-Journal and Louisville Times Company, Inc., WHAS, Inc., entered on September 23, 1965, by James F. Gordon, judge of said court, a copy of which was filed in this cause and make a part of this record, and N. Y. Times Company v. Sullivan, 376 U. S. 254, are likewise applicable as the controlling law of this case.

This court finds that there is no genuine issue as to any material fact, and that the defendant is entitled to a summary judgment as a matter of law.

It is therefore ordered and adjudged that the defendant's motion for summary judgment be and the same is hereby granted; that the plaintiff have and recover nothing by his suit; that the defendant, Times Publishing Company, go hence without day.